UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANA LAMONT B.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5052 MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating Plaintiff's symptom testimony. (Dkt. # 9 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1975, has a GED, and has worked as an assistant restaurant manager, as a petty officer in the Navy, as a groundskeeper, and in security. AR at 38, 184, 202, 215. Plaintiff was last gainfully employed in 2008. *Id.* at 183.

ORDER - 1

On September 18, 2017, Plaintiff applied for benefits, alleging disability as of October 29, 2010.[1] AR at 35. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 67, 75, 98-99. After the ALJ conducted a hearing on May 10, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 14-31.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity during the period from his amended alleged onset date of October 29, 2010 through his date last insured of September 30, 2013.

Step two: Plaintiff has the following severe impairments: bipolar disorder and diabetes mellitus.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity: Plaintiff can perform medium work as defined in 20 CFR 404.1567(c) except that the work is limited to a work environment free of fast-paced production requirements with only occasional, superficial interaction with the public and coworkers.

Step four: Plaintiff can perform past relevant work as a groundskeeper, industrial commercial.

Step five: In the alternative, as there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 14-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 9.)

---

[1] Plaintiff's original alleged onset date was March 31, 2008, which he amended at the hearing. AR at 17, 35, 215.
[2] 20 C.F.R. §§ 404.1520
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.     The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

*1.     Legal Standards for Evaluating Plaintiff's Testimony*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony

requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen v, Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

    2. *The ALJ Provided Several Clear and Convincing Reasons for Discounting Plaintiff's Testimony*

Plaintiff argues the ALJ erred in adversely assessing Plaintiff's subjective symptom testimony and that this alleged error was not harmless. (Dkt. # 11 at 1.) The ALJ gave the following reasons for discounting Plaintiff's allegations: (1) inconsistencies in the record

undermined Plaintiff's symptom reports; (2) the record shows Plaintiff's impairments did not preclude him from working; and (3) the record shows Plaintiff's mood and functioning improved when he was compliant with prescribed treatment. AR at 23-24.

### a. Inconsistencies in the Record

When evaluating a claimant's testimony, an ALJ may consider prior inconsistent statements concerning symptoms and other testimony that appears less than candid. *Molina*, 674 F.3d at 1112. The ALJ identified examples of Plaintiff's statements during the hearing that were inconsistent with his prior reports to medical personnel. AR at 23. Specifically, the ALJ found Plaintiff was not forthcoming about his work activity after his alleged onset date. *Id.* At the hearing, Plaintiff initially testified that he had not worked between 2008 and 2016. *Id.* at 46-48. It was only after the ALJ pointed to a medical record that stated Plaintiff continued to work as a paper deliverer for income in 2009 (AR at 293) that Plaintiff acknowledged this work. Plaintiff claimed, however, that instead of delivering papers, he was only protecting his friend who delivered papers and that he only got "a couple of dollars just because I may have needed it or just to make sure I can get a few items." *Id.* at 49. The ALJ also pointed to Plaintiff's omission that he worked as a driver for Lyft. *Id.* at 50. Plaintiff conceded he drove for Lyft but claimed he only did it "off and on for maybe two months." *Id.* Contrary to Plaintiff's claims, the ALJ noted Plaintiff's medical records showed that he worked for Lyft as early as December 5, 2016, and was still working as a Lyft driver as of March 30, 2017. *Id.* at 574, 641, 643, 668. The ALJ reasonably concluded that Plaintiff's lack of candor and inconsistent statements regarding his work activity undermined his subjective symptom testimony. *Id.* at 19, 23.

Plaintiff argues the ALJ erred in discounting his testimony based on his statements regarding his work activity after the alleged onset date because the ALJ found Plaintiff has not

engaged in substantial gainful activity in his step two finding. (Dkt. # 9 at 3.) Plaintiff's argument is misplaced. In evaluating a claimant's testimony, the ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements…and other testimony by the claimant that appears less than candid." *Smolen*, 80 F.3d at 1284. The ALJ reasonably relied on Plaintiff's inconsistent statements and lack of candor to discount his testimony, regardless of the step two finding. Accordingly, this was a clear and convincing reason to discount Plaintiff's testimony.

### *b.    Plaintiff's Symptoms did not Preclude him from Working*

The ALJ also found Plaintiff's symptoms did not preclude him from working when he determined it to be in his best interest to work. AR at 23. The ALJ cited to Plaintiff's appointment records that show he reported being rushed because of his work for Lyft and he therefore did not have time to meet with a behavioral health counselor. *Id.* at 23, 641, 643. The ALJ also noted Plaintiff reported to his doctor that he was no longer working as a student bus driver because he "would get more money through disability". *Id.* at 23, 638. Although these inconsistencies occurred after the date last insured, the ALJ concluded that the evidence suggested Plaintiff's application for disability benefits was not based on disabling functional limitations that preclude basic work activity because he remains able to work when it is beneficial to him. *Id.* at 23-24

Plaintiff argues the ALJ erred in discounting Plaintiff's testimony because the ALJ did not find Plaintiff's work activity constituted substantial gainful activity. Therefore, according to Plaintiff, his "work activities after the alleged onset date do not prove that [his] functional limitations do not preclude 'basic work activity' because that term implies that the basic work activity is substantial and gainful." (Dkt. # 9 at 4.) Plaintiff's cites to no authority, and the Court

is aware of none, that supports this assertion. Furthermore, the ALJ could properly discount Plaintiff's testimony based on the evidence that his activities, including his work activities, were inconsistent with the alleged degree of his impairment. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills[.]"); *Molina*, 674 F.3d at 1112–13 ("While a claimant need not 'vegetate in a dark room' in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (citations omitted). Accordingly, this was a clear and convincing reason to discount Plaintiff's testimony.

       *c.*  *Improvement with Treatment*

  Lastly, the ALJ found the record shows Plaintiff's mood and functioning improve when he is compliant with treatment. AR at 24. The ALJ cited to notes from Plaintiff's treating psychiatrist that stated Plaintiff had improved functioning and mood after five days of restarting his medication. *Id.* at 24, 536-37. The ALJ also cited to Plaintiff's statements in those notes that he had improved concentration and interests, and that he planned to garden, move, and had long-term plans to travel. *Id.*

  The effectiveness of medication and treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3) (2011); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits) (internal

citations omitted); *see also Tommasetti v. Astrue*, 533 F.3d 1035 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). Plaintiff argues the ALJ erred in finding Plaintiff improved when he was compliant with treatment based on one chart note from his psychiatrist after an isolated period after an in-patient hospitalization. (Dkts. ## 9 at 5, 11 at 3.) The Court agrees that the ALJ's reliance upon a single chart note, dated after the date last insured, is not a clear and convincing reason to discount Plaintiff's subjective symptom testimony. However, this was harmless error given the other legally sufficient reasons the ALJ provided for discounting Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

    *3.    Residual Functional Capacity Assessment*

Plaintiff argues the RFC assessment did not set out limitations that were consistent with Plaintiff's subjective complaints. (Dkt. # 9 at 5.) Because the ALJ properly discounted Plaintiff's subjective symptom complaints, which was supported by substantial evidence, the ALJ reasonably declined to rely on Plaintiff's symptom testimony in formulating the RFC.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 13th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge